```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| BENNIE GIBSON,<br><br>                                    Plaintiff,<br><br>                         -against-<br><br>THE CITY COMMISSIONER OF NEW YORK CITY POLICE; DEPUTY COMMISSIONER NEW YORK CITY POLICE; QUEENS AUTO CRIME UNITS, SUPERVISOR, ADMINISTRATORS, POLICY CREATORS, INVESTIGATORS, TRAINERS; NYPD OFFICER THOMAS RICE #2326; HONORABLE JUDGE DWYER; HON. JUDGE GOLDSTEN; DISTRICT ATTORNEY RICHARD BROWN, ESQ. & ASSISTANT DAS,<br><br>                                    Defendants. | 19-CV-2676 (LLS)<br><br>ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651 |

LOUIS L. STANTON, United States District Judge:

   Plaintiff Bennie Gibson brings this *pro se* action under 42 U.S.C. § 1983, alleging that his rights were violated in 1993 in Corona, Queens. Plaintiff sues, among others, the Commissioner and the Deputy Commissioner of the New York City Police Department, members of the Queens Auto Crime Units, and NYPD Officer Rice. He also files a request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court grants Plaintiff's request to proceed IFP, but dismisses the complaint as frivolous.

## BACKGROUND

   In 1994, Plaintiff Bennie Gibson filed an action in this court *pro se*. *See* 94-CV-6431 (S.D.N.Y.). By order dated September 7, 1994, that complaint was dismissed as frivolous under

28 U.S.C. § 1915(d).[1] The United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal. *See Gibson v. Rice*, No. 94-2667 (2d Cir. Jan. 3, 1995).[2]

In 1997, Plaintiff filed a complaint in the U.S. District Court for the Eastern District of New York, *Gibson v. Queens Auto Crime Task Force*, No. 97-CV-3561, asserting the same claims that he had asserted in the 1994 action filed in this Court. Because Plaintiff's allegations in both actions are frivolous, it is difficult to say what Plaintiff's claims were or what events they were based on. But Plaintiff himself notes that he filed the same case in both courts. *See* Plaintiff's Rule 60 motion filed in No. 94-CV-6431, ECF No. 11, at 4 (noting that he filed the same case in the Southern District under case number 94-CV-6431 and in the Eastern District under case number 97-CV-3561). The court in the Eastern District dismissed Plaintiff's complaint as frivolous; it also barred him from filing any new actions in the Eastern District related to the same events without prior review by a magistrate judge. *See* 97-CV-3561 (E.D.N.Y.), Order dated Feb. 7, 2000, and modified June 29, 2000, ECF No. 73; *see also* Order dated June 29, 2000 (upholding magistrate judge's recommendation to deny Plaintiff permission to file amended complaint because it was frivolous).

Despite the bar order, Plaintiff continued to file actions in the Eastern District relating to the same events. In 2002, Judge Sterling Johnson issued an order noting that in addition to the two cases pending before him, Plaintiff had filed three prior actions relating to the same events,

---

[1] This version of the *in forma pauperis* statute provided that "[t]he Court . . . . may dismiss the case . . . if satisfied that the action is frivolous or malicious." The current version of the statute is 28 U.S.C. § 1915(e)(2)(B)(i).

[2] On April 30, 2002, Plaintiff was barred under 28 U.S.C. 1915(g) from filing any new action IFP while he is a prisoner. *See Gibson v. Wise*, No. 01-CV-8382 (SJ) (LB) (E.D.N.Y. Apr. 30, 2002), *appeal dismissed*, No. 02-0139-pr (2d Cir. Sept. 24, 2004); *Gibson v. Vega*, No. 01-CV-8379 (SJ) (LB) (E.D.N.Y. Apr. 30, 2002), *appeal dismissed*, No. 02-0156-pr (2d Cir. May 9, 2005).

and that all the prior actions had been dismissed as frivolous. He directed Plaintiff to show cause why he should not be barred from filing any new actions IFP while he was a prisoner (Plaintiff was incarcerated at the time). *See* Order dated Jan. 15, 2002, entered in *Gibson v. Wise*, 01-CV-8382, and 01-CV-8379. On April 30, 2002, after Plaintiff failed to show cause why the bar order should not be entered, Judge Johnson barred Plaintiff under 28 U.S.C. § 1915(g) from filing any new action IFP while he was a prisoner. The Court of Appeals dismissed Plaintiff's appeal. No. 02-0156-pr (2d Cir. May 9, 2005).

Approximately 24 years after Plaintiff's complaint under case number 94-CV-6431 was dismissed, on January 23, 2019, Plaintiff filed in that case a letter regarding "new evidence," *see* ECF No. 10, and then on April 8, 2019, a "Notice of Motion Fed. R. Civ. Proc. 60 to re-open litigation or/and/ allow new," challenging the September 7, 1994 dismissal order, *see* ECF No. 11. On March 25, 2019, Plaintiff also filed this new civil action, seeking to reassert the dismissed claims.

Plaintiff is not currently incarcerated, and the bar order under the PLRA therefore no longer applies to him. But Plaintiff's litigation history, including the prior bar orders, remains relevant to the disposition of this frivolous and duplicative action.

**DISCUSSION**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## LITIGATION HISTORY

In light of Plaintiff's litigation history, he is ordered to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The Clerk is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 22, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.